# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA NEIL HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00156 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WESTERN VA REGIONAL JAIL,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Joshua Neil Hall, Pro Se Plaintiff.*

Joshua Neil Hall, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Hall alleges that (1) jail officials "failed to prove the date, time and officer's [sic] working when [Hall] supposedly refused a court order to the Alpha program" and (2) Hall's requests for treatment of Hepatitis C have been denied. I conclude that the action must be summarily dismissed. Compl. 2, ECF No. 1.

The court is required to dismiss a claim or complaint filed by a prisoner against a governmental entity or officer if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action

against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

The only defendant that Hall names related to claim (1) concerning the Alpha Program is the "Western VA Regional Jail." Compl. 1, ECF No. 1. The jail is a building, not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Center*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Therefore, I must dismiss claim (1) as frivolous.

I must also dismiss Hall's claim (2), but for different reasons. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies at the prison. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Hall states that he has not filed any grievances about the lack of response to his requests for Hepatitis C treatment at the jail. Because it is thus clear from the

facts in his Complaint that he did not exhaust available administrative remedies before filing this civil action, his claim (2) about this medical issue are barred under 42 U.S.C. § 1997e(a).

A separate Final Order will be entered herewith.

DATED: April 25, 2018

/s/ James P. Jones
United States District Judge